**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: April 19 2011

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-309290 |
| | ) | |
| Cora J. Webb, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER

This case is before the court on Debtor's Application for Waiver of the Chapter 7 Filing Fee ("Application") [Doc. # 2]. The Chapter 7 Trustee objected to waiver of the filing fee because Debtor paid her lawyer $900 to file this case on her behalf.

The court has the discretion under 28 U.S.C. § 1930(f)(1) to waive the filing fee for a Chapter 7 case where the debtor has income less than 150 percent of the official income poverty line applicable to the size of family involved and is unable to pay the filing fee in installments. At Congress' direction, the Judicial Conference of the United States promulgated interim procedures to assist in the implementation of this code provision. *Judicial Conference of the United States Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,* August 11, 2005, *available at* http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/JCUSinterimProcedures.aspz ("Interim Procedures"). In determining whether the debtor is unable to pay the filing fee in installments, bankruptcy courts are directed to consider the totality

of the circumstances. *Id.* at § II.A.5. According to the Interim Procedures, the debtor has the burden of showing that the application should be granted. *Interim Procedures* § II.A.6.

In each no asset-case in which a waiver of the filing fee is granted, the Chapter 7 trustee will be paid nothing, notwithstanding that the trustee will have the same fiduciary duties as compensated trustees to administer the case, investigate the debtor's financial affairs, determine if the debtor has revealed all assets, and determine whether the debtor is entitled to a discharge. *See In re Bradshaw*, 349 B.R. 511, 516 (Bankr. E.D. Tenn. 2006). This is so because the trustee's compensation in a no asset case like this one, *see* Doc # 20, is funded only if a filing fee is paid. Chapter 7 trustees thus have standing to object to IFP applications in no asset cases. *In re Stickney*, Case No. 07-10642-JMD, 2007 Bankr. LEXIS 1983, **10-**13 (Bankr. D.N.H. June 14, 2007).

In this case, Debtor's current stated gross monthly income is $1,256 and her family size stated as both 2 (in the IFP application [Doc. #2, p/2/10, Q. 1]) and 1 (on her Schedule I [Doc. #1, p. 32/43]). Whether her family size is 2 or 1, she meets the current basic income standard for waiver.

However, the court finds other factors weigh against granting Debtor's Application. As the Trustee argues, Debtor has agreed to pay and paid counsel $ 900.00 as attorney's fees. Although under the Interim Procedures a debtor is not disqualified for a waiver solely because of the existence of an agreement to pay a bankruptcy attorney a professional fee, they do not prohibit a court from considering such payment or promise to pay as a factor in the court's determination whether a debtor at least has the prospective ability to pay the filing fee in installments. *In re Nuttall,* 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005); *In re Davis*, 372 B.R. 282, 285 (Bankr. W.D. Va. 2007); *In re Robinson*, 2006 Bankr. LEXIS 3359, *7, 2006 WL 3498296, *3 (Bankr. S.D. Ga. 2006). The court finds this factor particularly significant where, as here, a debtor has paid what the court considers to be a full, non-discounted, professional fee to counsel.

While this court has waived the filing fee where debtors have paid attorney fees that have been discounted to reflect the equities of the situation, in this case, Debtor asks the court to waive the filing fee and require the Chapter 7 trustee to work without compensation while her attorney will be fully compensated. And while Debtor is on a fixed income with an extremely limited budget, the court nevertheless balances the equities as between the Trustee, Debtor and counsel and finds that it is inappropriate to waive the $299 case filing fee as the Trustee is essentially the only party being asked to compromise to accomplish the relief sought by the Debtor. Also, the source of funds to pay the attorney's fee from a third party is a relevant factor when there is a showing of ongoing support by that third party of

the Debtor, as there also is here. [Doc. #1, p33/43, Schedule J, Q. 19]; *In re Stickney*, 2007 Bankr. LEXIS 1983 at **29-**32.

Debtor's monthly budget on her Schedules I and J further shows that she has positive monthly net income of $209 even though her income is fixed and her budget is lean. *See Bradshaw*, 349 B.R. at 516. Debtor has thus not shown that she cannot pay the filing fee in installments on a monthly basis.

The circumstances of this case taken together make it inappropriate in the court's view for waiver of the $299 case filing fee. The court will allow the filing fee to be paid in installments, as set forth below. The fee will be owed even if the case is dismissed. Failure to pay the fee may result in dismissal, and the court will not enter a discharge unless and until the whole fee is paid even if the case is not dismissed.

**IT IS THEREFORE ORDERED** that Debtors' Application for Waiver of the Chapter 7 Filing Fee [Doc. # 2] is **DENIED**. Debtors must pay the filing fee in installments, as follows:

$75.00 due by May 3 2011

$75.00 due by June 3, 2011

$75.00 due by July 5, 2011

$74.00 due by August 3, 2011